UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENISE SHIPLEY,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 1:14-cv-1360-SU

OPINION AND ORDER

SULLIVAN, Magistrate Judge:

*Introduction*

Before the court is Denise Shipley's unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). Having reviewed the proceedings below and the amount of fees sought, the court concludes plaintiff's attorney is entitled to fees under section 406(b) in the amount of $19,935.

Page 1 - OPINION AND ORDER

*Procedural Background*

Plaintiff filed her applications for Disability Insurance Benefits ("Benefits") on December 7, 2010. Her application was denied initially and on reconsideration. On September 27, 2010, an Administrative Law Judge ("ALJ") issued an opinion in which he found plaintiff not disabled and, therefore, not entitled to Benefits. That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's subsequent request for review.

Plaintiff sought review of the Commissioner's decision by filing a complaint in this court on August 22, 2014. (Docket No. 1.) Plaintiff alleged the ALJ erred in four respects: (1) improperly addressing the medical evidence; (2) improperly rejecting plaintiff's testimony; (3) improperly rejecting the lay witness testimony; and (4) making findings at step five that were not supported by substantial evidence. On August 21, 2015, the parties submitted a stipulated motion for remand. The court granted the motion and entered a judgment remanding the case to the agency for further proceedings. (Docket Nos. 18, 19.)

On November 24, 2015, the court granted plaintiff's stipulated application for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The court awarded fees in the amount of $4,080.47 and $400 in costs. (Docket No. 23.) On August 26, 2016, plaintiff filed the instant Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,935. The Commissioner does not oppose the motion.

*Legal Standard*

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled

by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002)). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

*Discussion*

The parties do not dispute plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount plaintiff requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of plaintiff's attorney fees, the court must ensure the calculation of fees is reasonable. *See Gisbrecht*, 535 U.S. 789, 798 n. 6. ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question").

I.   Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff and her attorney executed a contingent-fee agreement, which provided that if her attorney obtained payment of past-due benefits, plaintiff would pay him twenty-five percent of the past-

Page 3 - OPINION AND ORDER

due benefits awarded. (Docket No. 25-1.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to plaintiff. Plaintiff's attorney provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due plaintiff and states it has withheld funds in reserve to pay any attorney fees awarded by the court, which may not exceed twenty-five percent past due benefits. (Docket No. 24-1.) Plaintiff's attorney seeks 25 percent of the amount withheld. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.     Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statute, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808). Here, plaintiff's attorney seeks 25 percent of the past due benefits, the full amount permitted under the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee

Page 4 - OPINION AND ORDER

agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id*. at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1)  the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted).  The Ninth Circuit in *Crawford* also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award.  It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

    A.  The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151.  The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of counsel's representation.  In fact, plaintiff's attorney prevailed by successfully arguing for a remand that resulted in an award of benefits to plaintiff.

    B.  Results Achieved

Page 5 - OPINION AND ORDER

The court ordered a remand of plaintiff's claim for further proceedings which resulted in an award of benefits to plaintiff, a positive result obtained by plaintiff's attorney.

### C.  Undue Delays

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel.  *Crawford*, 586 F.3d at 1151.  The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."  *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, plaintiff's opening brief was filed on June 24, 2015, four months after the Commissioner filed its answer to plaintiff's complaint.  (Docket No. 15.)  On August 21, 2015, the parties filed a stipulated motion for remand, which was granted by the court three days later.  (Docket No. 17.)  The pendency of this action did not present any undue delays. Accordingly, a reduction of counsel's fee request is unwarranted under this factor.

### D.  Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."  *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's attorney filed a 19-page opening brief asserting four errors by the ALJ.  He argued that the matter should be remanded to the Commissioner for an immediate award of Benefits or, in the alternative, for further proceedings.  The case was remanded for an award of benefits. (Docket No. 17)

Plaintiff is entitled to at least $79,740 in past-due benefits. (Docket No. 24-1.). According to the award, $19,935 was withheld from plaintiff's past-due benefits to pay her attorney. Id. Plaintiff's attorney reports he expended 21.5 hours representing Plaintiff in this matter. (Docket No. 24, at 5.) This time expenditure falls within the boundary of the twenty- to forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Plaintiff's attorney seeks 25 percent, or $19,935, of the Benefit award in attorney fees for his representation of plaintiff before this court. This results in an effectively hourly rate of $927.21. An hourly rate of $1,000 has been approved in this district. *See Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013). The hourly rate here is justified by the results achieved.

### E. Risk

Plaintiff's attorney references the substantial risk of nonpayment undertaken in this case as well as the significant delay in payment. Here, plaintiff identified four issues in the ALJ's decision, and the outcome of the case was not assured. The court therefore finds that the risk involved in this case was average, and no reduction of the request fee is warranted based on the risk and complexity of the case.

### *Conclusion*

For the reasons stated, plaintiff's Motion for Approval of Attorney Fees Pursuant 42 U.S.C. § 406(b) (Docket No. 24) in the amount of $19,935 is GRANTED. Because counsel was awarded attorney fees under EAJA, he is ordered to refund $4,080370, the lesser of the two fees, to plaintiff.

IT IS SO ORDERED.

DATED this <u>27th</u> day of September, 2016.

<u>　　/s/ Patricia Sullivan　　</u><br>
Patricia Sullivan<br>
United States Magistrate Judge